Judge Owsley
delivered the Opinion of the Court.
This was an action of covenant, brought by Susanna Williamson against James Hag-gin, upon the following writing:
££ Know all men by these presents, that I, James Haggin, of the county of Fayette, and State of Kentucky, do oblige myself, my heirs, &c. to purchase for Susanna Williamson, of the county of Wood-ford, and same state, a house and lot in Versailles, of the value of one thousand dollars, and until I make such purchase, in which I am not to be hastened, I covenant to furnish her with a dwelling in that town, about that value, at my own cost and charge; and I do, moreover, covenant, if I shall finally succeed in *9 recovering the two tracts of land, on the head wátérs of Cane run, near the town of Lexington, containing about two hundred and eighty acres, being the same embraced by the deed of trust from David Williamson, dec’d. to John W. Hunt, Thomas January, William W. Worsley and myself as trustees, I will, in six months thereafter, pay to the said Susanna, the sum of one thousand dollars, in personal property — the estate in each case to be estimated at its common trading rates. Witness my hand and seal, this 24th day of September, 1820.
Decíaratiori-
Demurrer to the declaration, and plea in bar.
James Haggin, [seal.]”
The declaration, after setting out the covenant, avers, “that the said Haggin has not purchased for the said plaintiff, a house and lot in Versailles, state of Kentucky, of the value of one thousand dollars, although reasonable, sufficient and ample time has been allowed him so tó do, and although the said plaintiff, after having long and patiently fqrborne and waited upon said Haggin, has often requested him so to do, and particularly on the first day of April, 1823, at the circuit &c.; and the said plaintiff also, avers, that the said Haggin has not only failed and neglected to purchase for her a house and lot as aforesaid, but that he has not furnished her with a dwelling in the said town of Versailles, of about the value of one thousand dollars, nor has he furnished her a dwelling of any value or description whatever, although often requested so to do, and particularly on the day of at the circuit aforesaid; and so the said plaintiff says that the said defendant Haggin has altogether failed, neglected and refused to perform and keep his covenant aforesaid, in the particulars aforesaid, &c. &c.”
Haggin demurred to the declaration; and also pleaded, that the plaintiff her action against him ought not to have and maintain, because he says that he has well and truly kept and performed his covenant, by paying for the plaintiff sixty dollars per year, for three years, for the rent of a house in the town of Versailles, Woodford county, and then and there offered to rent for the plaintiff a house in *10 th e town of Versailles, Woodford county, worth one thousand dollars, which the plaintiff then and tliere refused to receive, béfore the bringing of this suit, and this he is ready to verify, &c.
Demurrer to the defendant’s pica.
Judgment for the plaintiff ou the demurrers.
Assignment of errors.
When there is oue good bread! assigned, -i domurrcr to the be ovcmiled':
*10 The demurrer to the declaration was joined by Sirs. Williamson; and she, also, demurred to the plea, which demurrer was also joined by Haggin.
The court decided the plea to he insufficient, and the declaration to be good; and Haggin failing to make further'answer, a wrrit of enquiry was awarded to assess the damages which the plaintiff had sustained. Damages to the amount of one thousand and thirty dollars were assessed by the jury, and judgment thereupon rendered in favor of Mrs. Williamson.
To reverse that judgment, this writ of error, with supersedeas, has been prosecuted by Haggin.
It is assigned for error: First, that the court erred in ovorrulling the defendant’s demurrer to the declaration.
Second. That the court erred in sustaining the plaintiff’s demurrer to the defendant’s plea.
Third. That the court erred in not setting aside the verdict, and in giving judgment for the amount of damages assessed by the jury.
The first question involves an inquiry into the sufficiency of the declaration. On the part of Hag-gin, it was contended in argument, that the expression unot to he hastened,” contained in the covenant, should be construed so as to give him his lifetime to purchase, for the plaintiff, a house and lot in the town of Versailles; and hence it was insisted, that in alleging a breach of covenant in his failure to purchase a house and lot, the declaration is had, and that his demurrer thereto should have been sustained.
It would not, however follow that the court erred in decidiug against Haggin’s demurrer, were it even conceded that the breach, as to his not having purchased the house and lot, is insufficient. For
But the ver““st be (.'¡any oiT'the good' breach-cs> otherwise ^aií be ar!”4 rested,
Where II. covenanted to parchase for W. a house worth 1000, and until the purchase, in which ho stipulated ho was not to be hastened, ¡ofurni h a ilwelling for W. o,f that value: held, that a failure to furnish the dwelling was a breach of the covenant to make the purchase,
*11 there is another breach contained in the declaration, which is unquestionably good, and the doctrine is well settled, that a demurrer to a declaration ought not to be sustained, though some of the breaches covenant be badly assigned, if the declaration contains any one good breach. The reason of the rule is, that the jury are not bound to assess damages upon every breach assigned, and as their finding may be confined to the breach well assigned, the court should not, by sustaining a demurrer to the declaration, put it out of the power of the plaintiff to waive the bad breach, and recover for the breach well assigned.
But the principle is equally well settled,, that if there be any breaches of covenant badly assigned, it will be error to assess general damages upon all the breaches. This was the common law doctrine, and we have no statute that has wrought any change as respects the assignment of breaches of covenant, Whilst it might not therefore be necessary to go into a construction of the covenant of Haggin, for the purpose of sustaining the decision of the court upon his demurrer to the declaration, it is undoubtedly proper to do so in deciding upon the third assignment of error, which questions the propriety of the judgment rendered for the damages which were assessed upon both of the breaches contained in the declaration. Before we enter upon the question raised by the second assignment of errors, therefore, as the questions upon the first and third appear to be in some degree connected, we shall proceed to consider whether or not the covenant of Haggin should be construed as contended for by him.
Were it not for the expressions, unot to he hastened,” the import of the coveuaut would be perfectly clear. His covenant without those expressions, would indubitably have imposed upon him the obligation to proceed presently, after making the covenant, to purchase the house and lot, and a failure to do so, would be abroach, for which an action might be sustained against him. Bui are the expressions “not to he hastened,” to be construed to give Haggin Ids lifetime to make the purchase? This depends upon the *12 intention of the contracting parties, to be collected from the words of the covenant. They were competent to make their own bargain, and by their own words their rights must be tested. We should not, however, in the construction of their contract, be over nice in adhering too strictly to the technical meaning of words. We ought to presume the intention of both parties, when contracting, to be fair and honest, and should, regardless of critical niceties, endeavor to search out that intention, and interpret the covenant accordingly. What then was that intention? Was it the understanding of the parties that Haggin was to have his lifetime to make the purchase of the house and lot for the plaintiff? When considered in all its parts, we think the covenant ought not to be so construed. We have already remarked as to what we understood the covenant of Haggin to import, without the expressions “not to bo hastened,” and we shall not deny but what those expressions do, in some degree, change that import; but when taken in connexion with other parts of the covenant, we cannot admit, that instead of being bound, as we acknowledge without those expresions he would, to proceed presently to purchase the house and lot, Haggin, in consequence of those expressions, is at liberty to make the purchase at any time during his life. He was not only bound to make the purchase, but he was also to furnish Mrs. Williamson with a house of about the same value, until he should make the purchase. She was, therefore, to be immediately furnished with a house, in which she might reside, until one was purchased for her. Whilst so furnished it might not be a matter of much moment to her as to the time Haggin should delay to make the purchase. Her main object was a house in which she might reside, and that by the covenant of Haggin, she had reason to expect from him, If a house was furnished her by Hag-gin, he was not to be hastened to make the purchase; but it was to secure to her a house, and to extend to Haggin indulgence in making the purchase, so long as she might be furnished by him with a house, and so long only, that we understand the expressions, not to be hastened^ were used in the covenant.
Judgment on the declaration.
Plea to an action for breach of a covenant to furnish a dwelling house, that the defendant paid the rent, held to bo insufficient.
Plea of an accord &c. must allege the acceptance in satisfaction.
June 19.
Thus understanding the import of the covenant, it follows that both breaches are well assigned; and, consequently, the court was correct, as well in overruling the demurrer to the declaration, as in refusing to set aside the verdict of the jury, and in rendering judgment for the amount of the damages assessed, unless the plea of liaggin, which was demurred to by Williamson, should have been sustained.
With respect, however, to that plea, it is evidently bad. As a plea of covenants performed, it cannot be good, because instead of alleging performance by furnishing Mrs. Williamson with a house &c. it avers a performance by paying, for ber, rent, three years, a thing not. within the terms of the covenant, and which none will pretend could be a performance of the stipulations contained in the covenant.
And as a plea of accord and satisfaction, the plea is equally bad, not only because the matter pleaded is not stated to be in satisfaction of the damages, as such pleas in action of covenant ought regularly to state, but because, also, the rent which the plea states was paid by Haggin, is not alleged to have béen received by Mrs. Williamson, in satisfaction, &c.; nor is it even averred to have been paid to her, or any other person, at her request.
The judgment must, therefore, be affirmed with cost and damages.